Filed 11/3/15  P. v. Lars CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MARCUS D. LARS,<br><br>     Defendant and Appellant. | B262153<br><br>(Los Angeles County<br>Super. Ct. No. NA081578) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James Otto, Judge.  Affirmed.

Janet Uson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2009, Marcus Lars, who has a significant criminal record, was convicted of two counts of transport and sale of a controlled substance in violation of Health and Safety Code section 11352, his second "strike" under Penal Code section 1170.12, subdivision (c)(1).[1] He was sentenced to a determinate prison term of 11 years.

In 2014, Lars petitioned for resentencing pursuant to Proposition 36, the Three Strikes Reform Act of 2012 (§ 1170.126), and Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18). The trial court denied the petition, and Lars appealed.

We appointed counsel to represent Lars on appeal, but after examination of the record counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On June 4, 2015, we informed Lars he had 30 days to submit any contentions or issues he wished us to consider. We also directed his appointed counsel to send the record and opening brief to him immediately. We received no response.

Resentencing under Proposition 36 is unavailable to any "person who is presently serving a term of imprisonment for a 'second strike' conviction imposed pursuant to . . . paragraph (1) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (c).) Resentencing under Proposition 47 is unavailable to a person convicted of violating Health and Safety Code section 11352. (See § 1170.18, subd. (a).) Lars is serving a determinate sentence for a second strike conviction pursuant to section 1170.12, subdivision (c)(1), for violating Health and Safety Code section 11352. He is therefore ineligible for resentencing under either proposition.

We have otherwise examined the entire record and conclude Lars's counsel complied with the responsibilities set forth in *People v. Kelly* (2006) 40 Cal.4th 106 and *People v. Wende*, *supra*, 25 Cal.3d at page 441. No arguable issues exist.

---

[1] Undesignated statutory references will be to the Penal Code.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

CHANEY, Acting P. J.

We concur:

JOHNSON, J.

LUI, J.

3